**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-6684**

JEFFREY B. COHEN,

       Plaintiff - Appellant,

    v.

HARRY MASON GRUBER, in his capacity as Assistant United States Attorney,

       Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:18-cv-02476-ELH)

Submitted:  July 20, 2021                   Decided:  August 5, 2021

Before KING, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey Brian Cohen, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Brian Cohen appeals the district court's order dismissing his civil action pursuant to Fed. R. Crim. P. 12(b)(6). On appeal, Cohen asserts only that the district court abused its discretion in denying him leave to amend his complaint to allege 11 violations of the Racketeer Influenced and Corrupt Organizations Act, (RICO Act), *see* 18 U.S.C. § 1964(c). Finding no reversible error, we affirm.

A party may amend a pleading once as a matter of course within 21 days of service of the pleading or of a responsive pleading or certain Rule 12 motions. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend should be freely given when justice so requires, . . . [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (alteration, citations, and internal quotation marks omitted). "We review for abuse of discretion a district court's denial of leave to amend for prejudice" but "review de novo a district court's denial of leave to amend on the basis of futility." *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019).

Here, the district court denied Cohen's proposed amendment based on both prejudice and futility. Assuming, without deciding, that the district court abused its discretion in finding prejudice sufficient to deny leave to amend, we conclude that the district court did not err in concluding that allowing Cohen to allege his proposed RICO claims would be futile. "A proposed amendment is futile when it is clearly insufficient or

frivolous on its face . . . [or] if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation and internal quotation marks omitted). When assessing whether a proposed amendment would be futile, courts apply the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014). Rule 12(b)(6) "tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017). In evaluating a Rule 12(b)(6) motion, the court determines whether, "accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff," the complaint "state[s] a claim to relief that is plausible on its face." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (internal quotation marks omitted). Even viewed through this deferential lens, Cohen's allegations fail to state a plausible RICO claim. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (describing elements of RICO violation); *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 318 (4th Cir. 2010) (discussing continuity requirement); *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 549-50 (4th Cir. 2001) (same).

Accordingly, we affirm the district court's judgment. We deny Cohen's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*